# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1 | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>289 Main Street, Cannan, ME 04954 |
| Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz | Mortgage:<br>July 27, 2005<br>Book 3528, Page 54<br>Somerset County Registry of Deeds |
| **Defendant**<br>Maine Department of Health and Human Services (DHHS)<br>Elite Recovery Services Inc.<br><br>**Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Disclosure Statement, Note and Security Agreement executed and witnessed currently owned and held by U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, in which the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, is the obligor and the total amount owed under the terms of the Disclosure Statement, Note and Security Agreement is One Hundred One Thousand Three Hundred One and 77/100 ($101,301.77) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1 is a National Association with its main office located at 1011 Centre Road, Wilmington, DE 57047.

5. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, is a resident of Cannan, County of Somerset and State of Maine.

6. The Party-in-Interest, Elite Recovery Services, Inc., is a New York Corporation with its principal place of business at 255 Great Arrow Avenue, 2nd Floor, Suite 15, Buffalo, NY 14207.

7. The Party-in-Interest, Maine Department of Health and Human Services (DHHS) is located at 109 Capitol Street, Augusta, ME 04333.

## FACTS

8. On November 4, 2003, by virtue of a Warranty Deed from Jeffrey Hewett and Joanne G. Hewett, which is recorded in the Somerset County Registry of Deeds in **Book 3231, Page 327,** the property situated at 289 Main Street, City/Town of Cannan, County of Somerset, and State of Maine, was conveyed to Terry Kunz, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On July 27, 2005, Peggy Ann Kunz and Terry Kunz executed and delivered to Citifinancial, Inc. a certain Disclosure Statement, Note and Security Agreement under seal in the amount of $85,797.67. *See* Exhibit B (a true and correct copy of the Disclosure Statement, Note and Security Agreement is attached hereto and incorporated herein).

10. To secure said Disclosure Statement, Note and Security Agreement, on July 27, 2005, Peggy Ann Kunz and Terry Kunz executed a Mortgage Deed in favor of CitiFinancial, Inc., securing the property located at 289 Main Street, Cannan, ME 04954 which Mortgage Deed is recorded in the Somerset County Registry of Deeds in **Book 3528**, **Page 54**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to CitiFinancial Servicing LLC by virtue of an Assignment of Mortgage dated December 15, 2017 and recorded in the Somerset County Registry of Deeds in **Book 5241**, **Page 178**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A by virtue of an Assignment of Mortgage dated December

15, 2017, and recorded in the Somerset County Registry of Deeds in **Book 5241**, **Page 179**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Citibank, N.A., as trustee for CMLTI Asset Trust by virtue of an Assignment of Mortgage dated January 9, 2019 and recorded in the Somerset County Registry of Deeds in **Book 5393**, **Page 355**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Citigroup Mortgage Loan Trust 2019-RP1 by virtue of an Assignment of Mortgage dated June 21, 2019, and recorded in the Somerset County Registry of Deeds in **Book 5433**, **Page 224**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. Upon information and belief, Peggy Ann Kunz died on December 24, 2021.

16. On January 10, 2022, Terry Kunz was appointed Personal Representative of the Estate of Peggy Kunz by the Somerset County Probate Court, Docket No. 2022-014 and according to the terms of the Last Will and Testament, Terry Kunz is the sole heir to the subject property and therefore is the only person entitled to a right of redemption under the subject mortgage.

17. The Mortgage was then assigned to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1 by virtue of an Assignment of Mortgage dated June 28, 2023, and recorded in the Somerset County Registry of Deeds in **Book 6029**, **Page 211**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. A purported Rescission of Assignment of Mortgage, dated January 3, 2024, was recorded in the Somerset County Registry of Deeds in Book 6109, Page 296. *See* Exhibit I (a true and

correct copy of the Document is attached hereto and incorporated herein but is arguably void under Maine law).

19. The Mortgage was further assigned to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1 by virtue of a Corrective Assignment dated January 12, 2024 and recorded in the Somerset County Registry of Deeds in **Book 6109**, **Page 298**. *See* Exhibit J (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

20. On March 14, 2024, the Defendant, Terry Kunz was sent a Notice of Mortgagor's Right to Cure, as evidenced by the United States Postal Service records (hereinafter referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

21. The Demand Letter informed the Defendant, Terry Kunz, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

22. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, failed to cure the default prior to the expiration of the Demand Letter.

23. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, hereby certifies it is the present holder and owner of the Disclosure Statement, Note and Security Agreement pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Disclosure Statement, Note and Security Agreement in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

24. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, hereby certifies it is the lawful holder and owner of the Disclosure Statement, Note and Security Agreement and Mortgage.

25. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Disclosure Statement, Note and Security Agreement and Mortgage were strictly performed.

26. Maine Department of Health and Human Services (DHHS) is a Party-in-Interest pursuant to a Notice of Support Lien in the amount of $44,253.61 dated November 9, 2012, and recorded in the Somerset County Registry of Deeds in **Book 4600**, **Page 316** and is in second position behind Plaintiff's Mortgage.

27. Elite Recovery Services Inc. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,485.83 dated January 21, 2016, and recorded in the Somerset County Registry of Deeds in **Book 5020**, **Page 219** and is in third position behind Plaintiff's Mortgage.

28. The total debt owed under the Disclosure Statement, Note and Security Agreement and Mortgage as of May 1, 2024 is One Hundred One Thousand Three Hundred One and 77/100 ($101,301.77) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $75,830.79 |
| Additional Principal | $3,231.71 |
| Interest | $13,891.72 |
| Escrow Advance | $5,213.83 |
| Recoverable Corporate Advance Balance | $3,103.72 |
| Total NSF Charge Fee Amount | $30.00 |
| Grand Total | $101,301.77 |

29. Upon information and belief, the Defendant, Terry Kunz is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

30. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 289 Main Street, Cannan, County of Somerset, and State of Maine. *See* Exhibit A.

32. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, is the holder of the Disclosure Statement, Note and Security Agreement referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Disclosure Statement, Note and Security Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

33. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Disclosure Statement, Note and Security Agreement.

34. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, are presently in default on said Mortgage and Disclosure Statement, Note and Security Agreement, having failed to make the monthly payment due January 15, 2022, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Disclosure Statement, Note and Security Agreement.

35. The total debt owed under the Disclosure Statement, Note and Security Agreement and Mortgage as of May 1, 2024, is One Hundred One Thousand Three Hundred One and 77/100 ($101,301.77) Dollars.

36. The record established through the Somerset County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

37. By virtue of the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

38. Notice in conformity with 14 M.R.S.A. § 6111 and/or Disclosure Statement, Note and Security Agreement and Mortgage was sent to the Defendant, Terry Kunz, on March 14, 2024, evidenced by the Certificate of Mailing. *See* Exhibit K.

39. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, is not in the Military as evidenced by the attached Exhibit L.

40. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF DISCLOSURE STATEMENT, NOTE AND SECURITY AGREEMENT

41. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. On July 27, 2005, the Peggy Ann Kunz and Terry Kunz, executed with a witness and delivered to Citifinancial, Inc. a certain Disclosure Statement, Note and Security Agreement in the amount of $85,797.67. *See* Exhibit B.

43. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, is in default for failure to properly tender the January 15, 2022 payment and all subsequent payments. *See* Exhibit K.

44. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, is the proper holder of the Disclosure Statement, Note and Security Agreement and is entitled to enforce the terms and conditions of the Disclosure Statement, Note and Security Agreement due to its breach by the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz.

45. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, has failed to comply with the terms of the Disclosure Statement, Note and Security Agreement and Mortgage, and is in breach of both the Disclosure Statement, Note and Security Agreement and the Mortgage.

46. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz's, breach is knowing, willful, and continuing.

47. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz's, breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Disclosure Statement, Note and Security Agreement and Mortgage as of May 1, 2024, if no payments are made, is One Hundred One Thousand Three Hundred One and 77/100 ($101,301.77) Dollars.

49. Injustice can only be avoided by awarding damages for the total amount owed under the Disclosure Statement, Note and Security Agreement including interest, plus costs and expenses, including attorney fees.

50. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

51. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. By executing, under seal, and delivering the Disclosure Statement, Note and Security Agreement, Peggy Ann Kunz and Terry Kunz, entered into a written contract with Citifinancial, Inc. who agreed to loan them the amount of $85,797.67. *See* Exhibit B.

53. As part of this contract and transaction, Peggy Ann Kunz and Terry Kunz, executed the Mortgage to secure the Disclosure Statement, Note and Security Agreement and the subject property. *See* Exhibit C.

54. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, is the proper holder of the Disclosure Statement, Note and Security Agreement and successor-in-interest to Citifinancial, Inc., and has performed its obligations under the Disclosure Statement, Note and Security Agreement and Mortgage.

55. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, breached the terms of the Disclosure Statement, Note and Security Agreement and Mortgage by failing to properly tender the January 15, 2022 payment and all subsequent payments. *See* Exhibit K.

56. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, is the proper holder of the Disclosure Statement, Note and Security Agreement, and is entitled to enforce the terms and conditions of the Disclosure Statement, Note and Security Agreement due to its breach by the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz.

57. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, has failed to comply with the terms of the Disclosure Statement, Note and Security Agreement and Mortgage, and is in breach of contract.

58. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, are indebted to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1 in the sum of One Hundred One Thousand Three Hundred One and 77/100 ($101,301.77) Dollars, for money lent by the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, to the Defendant.

59. Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz's, breach is knowing, willful, and continuing.

60. Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz's, breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

61. The total debt owed under the Disclosure Statement, Note and Security Agreement and Mortgage as of May 1, 2024, if no payments are made, is One Hundred One Thousand Three Hundred One and 77/100 ($101,301.77) Dollars.

62. Injustice can only be avoided by awarding damages for the total amount owed under the Disclosure Statement, Note and Security Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

63. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

64. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. Citifinancial, Inc., predecessor-in-interest to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, loaned Peggy Ann Kunz and Terry Kunz $85,797.67. *See* Exhibit B.

66. The Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, has failed to repay the loan obligation.

67. As a result, the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1 as successor-in-interest to Citifinancial, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

68. As such, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, is entitled to relief.

69. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due and priority of any junior lienholders that appear in this action;

c) Grant possession to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, upon the expiration of the period of redemption;

d) Find that the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, is in breach of the Disclosure Statement, Note and Security Agreement by failing to make payment due as of January 15, 2022, and all subsequent payments;

e) Find that the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, is in breach of the Mortgage by failing to make payment due as of January 15, 2022, and all subsequent payments;

f) Find that the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, is in breach of contract by failing to comply with the terms and conditions of the Disclosure Statement, Note and Security Agreement and Mortgage by failing to make the payment due January 15, 2022 and all subsequent payments;

h) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, is entitled to enforce the terms and conditions of the Disclosure Statement, Note and Security Agreement and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz has been unjustly enriched at the

Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, to restitution;

k) Find that the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, is liable to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, for money had and received;

l) Find that the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, to continue to appreciate and retain the benefit of the Mortgage, Disclosure Statement, Note and Security Agreement and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, is entitled to restitution for this benefit from the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz;

o) Determine the amount due on said Mortgage and Disclosure Statement, Note and Security Agreement, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Terry Kunz, individually and as Personal Representative of the Estate of Peggy Kunz, and in favor of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1, in the amount of One Hundred One Thousand Three Hundred One and 77/100 ($101,301.77 Dollars, the total debt owed under the Disclosure Statement, Note and Security Agreement plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-RP1,
By its attorneys,

Dated: May 6, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com